IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HANOVER PREST-PAVING CO. t/a HANOVER ARCHITECTURAL PRODUCTS,** | : : : : | CIVIL ACTION NO. 1:21-CV-806 |
| **Plaintiff** | : : | (Judge Conner) |
| v. | : : | |
| **TILE TECH, INC.,** | : : | |
| **Defendant** | : | |

**MEMORANDUM**

Plaintiff Hanover Prest-Paving Co., trading as Hanover Architectural Products ("Hanover"), brings patent infringement, trademark infringement, and unfair competition claims against defendant Tile Tech, Inc. ("Tile Tech"). Tile Tech moves to dismiss Hanover's patent infringement claim and to strike two of Hanover's requests for relief pursuant Federal Rules of Civil Procedure 12(b)(6) and 12(f), respectively. We will deny Tile Tech's motion to dismiss but grant Tile Tech's motion to strike.

I.  **Factual Background & Procedural History**

Hanover is a longstanding manufacturer of concrete unit paving products. (See Doc. 27 ¶ 15). One of Hanover's products is a "pedestal paver system," which uses a combination of pedestals and braces to allow the installation of paving stones above an existing surface so as to create an elevated deck or secondary floor. (See id. ¶ 16; Doc. 27-1 at 1, 8; Doc. 27-3 at 3, 6). Hanover's pedestal paver system is covered by two patents relevant to the case *sub judice*: U.S. Patent Number

8,667,747 ("the '747 Patent'") covering the stabilizing bar used to restrain the relative movement of the pedestals and U.S. Patent Number 8,381,461 ("the '461 Patent'") covering the pedestals and overall stabilizing system. (See Doc. 27 ¶¶ 24, 33; see also Docs. 27-1, 27-3).

Tile Tech is a relatively new company that purportedly seeks to replicate Hanover's successful business. (See Doc. 27 ¶¶ 20-21). Tile Tech "recently" began selling a pedestal paver system ("the Infringing System") that Hanover alleges infringes on its patents. (See id. ¶¶ 25, 27; see also Doc. 27-2). Specifically, one of the components of Tile Tech's system is a bracing arm ("the Infringing Component") that, according to Hanover, infringes on "at least Claims 1, 29, and 45 of Hanover's '747 Patent." (See Doc. 27 ¶¶ 26-31). Hanover also alleges the Infringing System infringes on "at least Claim 1 of the '461 Patent." (See id. ¶¶ 34-36). Additionally, Hanover alleges Tile Tech is using a mark on its products that infringes on a trademark developed and employed by Hanover to signify its products are American made. (See id. ¶¶ 18-19).

Hanover informed Tile Tech on multiple occasions, beginning in October 2019, that Hanover believed Tile Tech's devices infringe on Hanover's patents and demanding Tile Tech cease selling the Infringing System and Infringing Component (collectively "the Infringing Products"). (See id. ¶ 50). Tile Tech responded to at least some of these communications and purportedly represented it would cease use of the mark. (See id. ¶ 53). Nonetheless, according to Hanover, Tile Tech continues to manufacture and sell the Infringing Products and use the infringing mark. (See id. ¶ 52).

Hanover brought the instant lawsuit against Tile Tech, asserting claims for patent infringement under 35 U.S.C. § 284 (Count One); unfair competition under the Lanham Act, 15 U.S.C. § 1125(a) (Count Two); common law unfair competition (Count Three); and common law trademark infringement (Count Four). Tile Tech filed a motion seeking to dismiss Hanover's patent infringement claim under Rule 12(b)(6) and to strike two of Hanover's requested remedies under Rule 12(f). The motion is fully briefed and ripe for disposition.

## II.  Legal Standards

### A.  Rule 12(b)(6)[1]

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. See FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker

---

[1] District courts employ the law of the United States Court of Appeals for the Federal Circuit to adjudicate substantive issues in patent disputes. See Invitrogen Corp. v. Biocrest Mfg., L.P., 424 F.3d 1374, 1378-79 (Fed. Cir. 2005) (citing Institut Pasteur v. Cambridge Biotech Corp., 186 F.3d 1356, 1368 (Fed. Cir. 1999)); In re Spalding Sports Worldwide, Inc., 203 F.3d 800, 803 (Fed. Cir. 2000) (same). However, when addressing a purely procedural question like whether to grant a motion to dismiss under Rule 12(b)(6), district courts apply the rules of their regional circuit. See Nalco Co. v. Chem-Mod, LLC, 883 F.3d 1337, 1346 (Fed. Cir. 2018) (citing In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1331 (Fed. Cir. 2012)).

v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  To test the sufficiency of the complaint, the court conducts a three-step inquiry.  See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010).  In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'"  Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)).  Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded.  Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief."  Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556.  A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

### B.     Rule 12(f)

Under Federal Rule of Civil Procedure 12(f), the court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). The court may also strike demands for damages when the damages are unavailable as a matter of law. See Rivera v. Dealer Funding, LLC, 178 F. Supp. 3d 272, 281 (E.D. Pa. 2016) (citation omitted); Genter v. Allstate Prop. & Cas. Ins. Co., No. 11-CV-709, 2011 WL 2533075, at *2, 5 (W.D. Pa. June 24, 2011) (citation omitted). District courts have "considerable discretion" in resolving a Rule 12(f) motion. See Krisa v. Equitable Life Assurance Soc'y, 109 F. Supp. 2d 316, 319 (M.D. Pa. 2000) (quoting N. Penn Transfer, Inc. v. Victaulic Co. of Am., 859 F. Supp. 154, 158 (E.D. Pa. 1994)).

## III.    Discussion

### A.     Patent Infringement

Hanover alleges Tile Tech's Infringing Component infringes on the '747 Patent and the Infringing System infringes on the '461 Patent. (See Doc. 27 ¶¶ 60-61). A defendant infringes on a patent when they make, use, offer to sell, or sell any patented invention without authority during the term of the patent. See 35 U.S.C. § 271(a). As in any standard civil action, a plaintiff bringing an infringement claim need not prove its case at the pleading stage. See Nalco, 883 F.3d at 1350. Rather, the plaintiff's complaint need only put the alleged infringer "on notice of what activity or device is being accused of infringement." See K-Tech Telecomms., Inc. v. Time Warner Cable, Inc., 714 F.3d 1277, 1285 (Fed. Cir. 2013) (citing McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1357 (Fed. Cir. 2007)).

The detail required in a plaintiff's complaint "will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." Bot M8 LLC v. Sony Corp. of Am., 4 F.4th 1342, 1353 (Fed. Cir. 2021).  For example, the Federal Circuit has held that a plaintiff provides sufficient notice of a patent infringement claim involving simple technology by (1) attaching the asserted patents to the complaint, (2) identifying the allegedly infringing devices, and (3) alleging the devices meet "each and every element of at least one claim."  See Disc Disease Sols. Inc. v. VGH Sols., Inc., 888 F.3d 1256, 1260 (Fed. Cir. 2018)[2]; see also Bot M8, 4 F.4th at 1352 (citing Disc Disease and rejecting "blanket element-by-element pleading standard for patent infringement"); Air Dynamics Indus. Sys., Inc. v. Lehman, No. 1:19-CV-2073, 2020 WL 6544966, at *6 (M.D. Pa. Nov. 6, 2020) (Conner, C.J.) (citing Disc Disease and observing "very little is required" to provide sufficient notice of infringement claim).  Tile Tech, as the moving party, bears the burden of establishing Hanover's complaint fails to state a

---

[2] Tile Tech insists Disc Disease is inapposite because the Federal Circuit decided the case under Eleventh Circuit case law.  (See Doc. 38 at 3 (citing Disc Disease, 888 F.3d at 1259)).  Tile Tech is correct that Disc Disease does not apply our court of appeals' pleading rules, see Disc Disease, 888 F.3d at 1259, but it has not shown how application of our court of appeals' pleading standard would result in a meaningfully different outcome.  District courts within the Third Circuit routinely cite Disc Disease as providing the standard for adequate notice for patent infringement claims.  See, e.g., Air Dynamics, 2020 WL 6544966, at *6; Britax Child Safety, Inc. v. Nuna Int'l B.V., 321 F. Supp. 3d 546, 561 (E.D. Pa. 2018); Super Interconnect Techs. LLC v. Sony Corp., No. CV 18-1731, 2019 WL 4722677, at *2 n.3 (D. Del. Sept. 26, 2019); Genedics, LLC v. Meta Co., No. CV 17-1062, 2018 WL 3991474, at *12 n.15 (D. Del. Aug. 21, 2018).

claim. See Animal Sci. Prods., Inc. v. China Minmetals Corp., 654 F.3d 462, 469 n.9 (3d Cir. 2011).

Tile Tech attacks the sufficiency of Hanover's pleading on two grounds, contending first that Hanover fails to identify the Infringing Products with sufficient specificity, (see Doc. 30 at 4-7), and second that Hanover fails to adequately articulate how Tile Tech's products infringe on Hanover's patents, (see id. at 7-10). We will address Tile Tech's arguments *seriatim*.

### 1.   *The Infringing Products*

We have little difficulty concluding that Hanover adequately identifies the Infringing Products in its pleading. Hanover specifically identifies the Infringing Component as "a bracing arm" and the Infringing System as "Tile Tech's pedestal paver system" of which the bracing arm is a component. (See Doc. 27 ¶¶ 25-26). To further identify the products Hanover believes infringe on its patents, Hanover attaches to its complaint a series of photographs depicting the bracing arm and system at issue. (See Doc. 27-2). The photographs reveal the names Tile Tech uses to refer to the Infringing Products. (See id.)

Tile Tech admits the sufficiency of these identifications as to the specific devices identified. (See Doc. 30 at 4). But Tile Tech insists that a further averment by Hanover—that "Tile Tech may sell other products whose components infringe on the '747 and/or '461 patent"—undermines the specificity of Hanover's allegations to the point Tile Tech is "left to guess which product or products Hanover is claiming are infringing." (See id. at 4-5). Tile Tech fails to identify any binding or persuasive authority suggesting that pleading a catchall phrase after precisely

7

identifying an infringing device necessarily defeats an otherwise adequate direct-infringement claim.[3]  Tile Tech's claim to be ignorant of its allegedly infringing conduct, given the specificity of Hanover's complaint as well as the photographic illustrations attached thereto, defies common sense.[4]  See Iqbal, 556 U.S. at 679 (citation omitted); Air Dynamics, 2020 WL 6544966, at *6.

    2.    *Manner of Infringement*

Tile Tech insists that even if Hanover adequately identifies the Infringing Products, Hanover fails to adequately articulate the manner in which the Infringing Products infringe on Hanover's patents.  (See Doc. 30 at 7-10).  Adequate notice of an infringement claim, however, merely requires a complaint to allege "the accused products meet each and every element of at least one claim of the [plaintiff's

---

[3] Tile Tech cites two nonbinding decisions for its "guessing" proposition, but a close reading of both opinions shows neither supports Tile Tech's contention. (See Doc. 38 at 2 (citing e-LYNXX Corp. v. InnerWorkings, Inc., No. 1:10-CV-02535, 2011 WL 3608642, at *6-7 (M.D. Pa. July 26, 2011) (finding "catch-all" wording for indirect-infringement claim that fails to specify defendant, product, manner of infringement, and patent infringed on does not give proper notice), report and recommendation adopted, No. 1:10-CV-2535, 2011 WL 3608609 (M.D. Pa. Aug. 16, 2011) (Conner, J.); Ziemba v. Incipio Techs., Inc., No. 13-5590, 2014 WL 7051782, at *4 (D.N.J. Dec. 12, 2014) (rejecting defendant's argument with respect to direct-infringement claim that "use of terms like 'at least,' 'including,' and 'and/or' [makes the plaintiff's] identification of the accused products improperly open ended")).

[4] We conclude only that the complaint's open-ended language does not defeat the otherwise sufficiently pled infringement claims as to the Infringing System and Infringing Component that are presently contemplated in Hanover's pleading.  To the extent Hanover suggests in its opposition brief that it may wish to assert "additional infringements" later in this litigation if discovery reveals that a revised or replaced product also infringes on Hanover's patents, the proper way to bring that additional claim before the court is by seeking leave to amend.  (See Doc. 34 at 6).

8

patent]."[5] See Disc Disease, 888 F.3d at 1260 (quotation omitted); see also Air Dynamics, 2020 WL 6544966, at *6 (quoting Disc Disease, 888 F.3d at 1260). Hanover alleges the Infringing Component "meets each and every element of at least Claim 1, 29, and 45 of the '747 patent" and that the Infringing System "meets each and every element of at least Claim 1 of the '461 Patent." (See Doc. 27 ¶¶ 31, 36). Hanover also provides the language of each of the patent claims it believes Tile Tech's products infringe on, (see id. ¶¶ 28-30, 35), and photographs that allow for a visual comparison between the Infringing Products and the schematics included in Hanover's patents, (see Docs. 27-1, 27-2). Hanover's complaint meets the standard

---

[5] Tile Tech invokes a bevy of nonbinding cases to support its view that the minimum standard for articulating how a product infringes on a plaintiff's patent is higher than suggested by Disc Disease. (See Doc. 30 at 7-8). We find the cases Tile Tech cites to be unpersuasive, distinguishable, or both. See N. Star Innovations, Inc. v. Micron Tech., Inc., No. CV 17-506, 2017 WL 5501489, at *2 (D. Del. Nov. 16, 2017) (predating Disc Disease), report and recommendation adopted, No. CV 17-506, 2018 WL 11182741 (D. Del. Jan. 3, 2018); SIPCO, LLC v. Streetline, Inc., 230 F. Supp. 3d 351, 353 (D. Del. 2017) (same); Glover v. Cohen, No. CV 19-734, 2021 WL 663202, at *6 (W.D. Pa. Feb. 19, 2021) (relying on SIPCO, which predated Disc Disease, for passing remark suggesting higher standard applies); SuperInterconnect, 2019 WL 6895877, at *2 n.3 (acknowledging Disc Disease but finding its standard did not apply to technology that was "far from simple"). Moreover, even if we accepted these cases as establishing a higher pleading standard than Disc Disease in our circuit, Hanover's complaint, which includes comparative photographs showing visual similarity between Tile Tech's and Hanover's products, clearly meets that higher standard by providing additional facts connecting the Infringing Products to Hanover's patent claims. (See Doc. 27-2). Tile Tech's reliance on the Federal Circuit's recent decision in Golden v. Apple, Inc., 819 F. App'x 930 (Fed. Cir. 2020), is also unavailing—the nonprecedential decision addresses a sprawling, incoherent, 253-page *pro se* complaint, see Golden v. Apple Inc., No. 19-CV-2557, 2020 WL 710189, at *1 (D.S.C. Jan. 9, 2020)), that failed to identify which of the dozen named defendants actually engaged in the infringement alleged, see Golden, 819 F. App'x at 931. Any comparison of the complaint in Golden to Hanover's professional, well-organized complaint is inappurtenant.

for adequate notice as to how Tile Tech's products infringe on Hanover's patents. We will deny Tile Tech's motion to dismiss.

**B.     Remedies**

Hanover's complaint requests several forms of relief, including "[a]n accounting and judgment against Tile Tech for all profits or other income received from or in connection with the Infringing [Component] and the Infringing System[,]" (see Doc. 27 at 19 ¶ B), and "[s]tatutory damages," (see id. at 19 ¶ D). Tile Tech moves to strike these two requests as improper. Hanover concedes statutory damages are improper. (See Doc. 34 at 5 n.1). Accordingly, we will only examine the propriety of Hanover's request for "all profits and other income."

As a preliminary matter, there is some discordance between the parties as to what remedy Hanover is requesting when it asks for "all profits and other income." We construe Hanover's prayer for relief to constitute a request for disgorgement of profits. We reach this conclusion for two reasons. First, the phrase "an accounting . . . for all profits" equates closely to the phrase "accounting for profits" traditionally associated with a demand for disgorgement. See Liu v. SEC, 591 U.S. ___, 140 S. Ct. 1936, 1943-44 (2020). Second, we interpret Hanover's use of the word "received" and attribution of the profits to "the Infringing [Component] and the Infringing System" to indicate Hanover seeks the monies obtained by Tile Tech as a result of

10

selling the allegedly Infringing Products, not the income Hanover would have earned itself had the infringement never taken place, *viz.* "lost profits."[6]

Disgorgement is not available as a remedy for patent infringement. As the Supreme Court of the United States has observed, Congress amended Section 284 to eliminate the ability of plaintiffs to recover the profits earned by the defendant. See Aro Mfg. Co. v. Convertible Top Replacement Co., 377 U.S. 476, 505-06 (1964). Instead, plaintiffs can recover only "compensatory damages," defined as "the difference between [the patent owner's] pecuniary condition after the infringement, and what his condition would have been if the infringement had not occurred." See Mentor Graphics, 851 F.3d at 1283 (alteration in original) (quoting Aro, 377 U.S. at 507). Whether the defendant profited or lost by the infringement is irrelevant. See id. (citing Aro, 377 U.S. at 507). Hence, Hanover's prayer for relief is improper as a matter of law. We will grant Tile Tech's motion to strike but grant Hanover leave to amend its complaint to include a request for lost profits related to its patent infringement claim and disgorgement related to its unfair competition claims.

## IV. Conclusion

---

[6] Hanover purports its complaint requests both lost profits and disgorgement, (see Doc. 34 at 13-15), observing, correctly, that lost profits are available as an aspect of compensatory damages under Section 284, see Mentor Graphics Corp. v. EVE-USA, Inc., 851 F.3d 1283, 1284-86 (Fed. Cir. 2017). However, we cannot reasonably read Hanover's prayer for relief, which matches so closely with a request for disgorgement, as a request for anything else. Hanover also implies its prayer for relief encompasses its claims for unfair competition, which do allow for disgorgement as a remedy. (See Doc. 34 at 13-15). This reading blatantly contradicts the language of the prayer for relief, which attributes the profits sought directly to the Infringing Component and Infringing System and includes no mention of trademarks or unfair competition. (See Doc. 27 at 19 ¶ B).

We will grant in part and deny in part Tile Tech's motion (Doc. 29) to dismiss and to strike. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER<br>
Christopher C. Conner<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated:     May 11, 2022